

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERITAGE BANK f/k/a<br>BRAZOS BANK, N.A.,<br>   Plaintiff, | §<br>§<br>§<br>§ | |
| vs. | § | No. 3:99-CV-0801-R |
| REDCOM LABORATORIES, INC. and<br>FIBER WAVE TELECOM, INC.,<br>   Defendants. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and an order of this Court dated August 23, 1999, *Defendant Fiber Wave Telecom Inc.'s Motion to Remand* has been referred to the United States Magistrate Judge. *Fiber Wave's Motion to Remand*, *Defendant Redcom's Response*, and *Fiber Wave's Reply* thereto were all filed by joint submission on June 21, 1999.

On June 9, 1999, this Court denied a similar motion by Plaintiff. In that earlier *Motion to Remand*, Plaintiff argued that Defendant Fiber Wave was a properly joined party to the lawsuit and therefore, diversity jurisdiction was destroyed. Accordingly, Plaintiff urged that Defendant Redcom's removal of the case to federal court was improper and remand was warranted. This Court disagreed, holding that Fiber Wave was fraudulently joined as a party to this lawsuit and therefore, the only proper parties, Plaintiff and Defendant Redcom, are diverse. Thus, this Court held that removal to federal court was proper and *Plaintiff's Motion to Remand* was denied.

This Court finds that *Fiber Wave Telecom's Motion to Remand* presents the same arguments relating to this Court's jurisdiction as the *Plaintiff's Motion to Remand*. In fact, Fiber Wave asserts

in paragraph 16 of its *Motion to Remand* that it joins the legal and factual assertions in *Plaintiff's Motion to Remand*, assertions to which this Court has already disagreed. *Fiber Wave's Motion to Remand* adds nothing to change this Court's opinion that Fiber Wave was fraudulently joined as a party to this lawsuit and that federal court jurisdiction based on diversity is proper. Accordingly, this Court recommends that *Defendant Fiber Wave Telecom Inc.'s Motion to Remand* be **DENIED**.

**SO RECOMMENDED** this 27 day of August, 1999.

_____
PAUL D. STICKNEY
United States Magistrate Judge

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**PAUL D. STICKNEY**
**United States Magistrate Judge**